

Truong Van Hung
Adelanto Detention Facility
10250 Rancho rd
Adelanto, CA. 92301
A# 71-017-749
Pro Se Petitioner

### UNITED STATES DISTRICT COURT FOR THE
### CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Truong Van Hung<br><br>Pro Se Petitioner<br><br><br>V.<br><br>Warden-Facility Administrator<br>**Adelanto Ice Processing Center**<br><br>Thomas P. Giles, Director of Los Angeles<br>Field Office,<br><br>Todd Lyons, Acting Director,<br>U.S Immigration and Customs Enforcement,<br><br>Kristi Noem, Secretary of the U.S. Department of<br>Homeland Security; and<br><br>Pamela Bondi,<br>Attorney General of the United States,<br><br>In their official capacities,<br>    Respondents | No. 5:26-cv-00851-SVW-AGR<br><br><br>**MOTION FOR A PRELIMINARY**<br>**INJUNCTION AND**<br>**FOR A TEMPORARY RESTRAINING**<br>**ORDER** |

**1.** Respondents have unlawfully held Pro Se Petitioner Truong Van Hung in immigration detention since October 15, 2025, even though the federal Government has no significant likelihood of removing him from the United States.

**2.** I was held at the Department of Homeland Security's ('DHS") Immigration and Custom Enforcement ("ICE) Los Angeles Field Office in Los Angeles 0n October 15, 2025 and was transferred that same morning to Adelanto Ice Processing Center in Adelanto, CA.

**3.** Back in 1998, I was ordered removed by an Immigration Judge in Lancaster, CA. due to prior 1996 charge that I was committed and found guilty for by the court at the time. Vietnam was designated as the country of my removal.

**4.** I has previously been detained by the U.S. Immigration and Customs Enforcement("ICE") and its predecessor Immigration and Naturalization Service ("INS") since my initial removal order.

**5.** Over 25+ years, INS and ICE have not been able to procure travel documents for My repatriation to Vietnam.

**6.** I was last released on an Order of Supervision ("OSUP") for almost 26 years ago, and through all those time I have followed all the rules that their had asked of me, and not violated any terms of my OSUP.

**7.** Most recently, the government revoked My release on OSUP and detained Me for the purpose of removing.

**8.** ICE has not shown that travel document for Vietnam has been issued. ICE has not shown that I am a risk of flight or a danger to the community prior to additional detainment.

**9.** ICE's decision to re-detain a non-citizen like me who has been granted supervised on (OSUP) upon my release is governed by ICE's own regulation requiring an individualized determination by ICE that based on changed circumstances, removal has become significantly likely in the reasonably foreseeable future." Kong v. United States, 62 F.4th 608, 619-20 (1st Cir. 2023)(citing 8 C.F.R. § 241.13(i)(2)).

10. The plain language of the regulation however, does not allow a court in the first instance to make the required individualized finding. To the extent ICE claims that it made such a determination, the court should review that claim in light of the regulations instructing ICE on how it should make such a determination. "Kong, 62 f.4th at 620 (citing 8 C.F.R. § 241.13(f), (i)(2).

11. ICE has not shown that I was not in compliance with my current OSUP for all those 24+ years.

12. Since my released, and on an order of supervision for 25+ years. During that time, I lived my life as a law-abiding citizen. I has worked as a Nail Technician in a lot of popular Nail Salon around United States, and I declare tax every year since my release. I have fully cooperate whatever requires of me and consistently checked in whenever required on the followed due date and never miss, not even once.

13. Since my released, I has worked steadily in the cosmetics industry.

14. Since my last release over two decade ago, ICE has failed to procure travel documents from the Embassy of the Socialist Republic of Vietnam or effect my removal to Vietnam.

15. On October 15, 2025, I was arrested during my check-in reported to the INS and was held in custody by ICE, and have been detain and transfer to Adalento facilities till now.

16. I am proceeded to initiate the process of requesting a Vietnamese passport, even though ICE has not indicated that the Government of Vietnam had found my eligible for repatriation.

17. As part of the intensive monitoring, I was instructed to meet with an ICE Enforcement and Removal Operations officer on yearly basic before re-detain.

18. At this time, there is still no indication that travel documents to Vietnam has been issued or that the Government of Vietnam has found my eligible for repatriation.

19. On the same day of my detention, ICE issued a notice of my revocation of release. ICE indicated that my case is under current review by the Government of Vietnam for the

Issuance of a travel document. However, ICE did no indicate that the Government of Vietnam has found My eligible for repatriation.

**20.** I had been in custody over two months and nobody come to tell me what my outcome gonna be.

**21.** I am currently detain at Adelanto Ice Processing Center in Adelanto California since November 12, 2025. In the control and custody of Respondent D. Marin- Warden-Facility Administrator.

Simultaneously with this document, Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Because is is almost certain to prevail on all of his claims, he respectfully asks this Court to order his immediate release from custody while this case is litigated.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Planned Parenthood Great Northwest v Labrador, 122 F.4th 825, 843-44 (9th Cir. 2024) (quoting Alliance for the Wild Rockies v. Cotrell, 632 F.3d 1127,1131 (9th Cir. 2011)).* "Alternatively, a preliminary injunction may issue where serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor if the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the publi844c interest." Id. at 844 (quoting *Alliance for the Wild Rockies, 632 F.3d at 1135).* The standards for granting a temporary restraining order are the same as the standards for granting a preliminary injunction. *See O.M. v. Nat'l Women's Soccer League, LLC, 541 F. Supp. 3D 1171, 1177 (D. Or. 2021).*

First, Petitioner is almost certain to succeed on the merits of his habeas petition for the reasons set forth in his petition.

Second, illegal confinement is quintessentially irreparable harm, because "the deprivation of Constitutional Rights unquestionably constitutes irreparable injury." *Melandres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012).*

Third and finally, when the government is a party, as it is here, "the balance of equities and public interest factors merge." *Pimentel Estrada v. Barr, 464 F. Supp. 3D 1225, 1237 (W.D. Wash. 2020) (citing Drakes Bay Oyster Co. v. Jewell, 747 F.3d 1073, 1092 (9th Cir. 2014)).* The risk of harm to Petitioner far outweighs the government's interest in illegally detaining him, for it is "always in the public's interest to prevent the violation of a party's constitutional rights." *Melendres, 695 F.3d at 1002.*

Therefore, the Court should grant a preliminary injunction and temporary restraining order, and order Petitioner's immediate release from custody.

Additionally, the second claim in Petitioner's petition concerns potential deportation to a third country, Petitioner respectfully requests that the Court order the government not to remove Petitioner to a third country until the Court resolves the pending petition.

Respectfully submitted,

Dated:  02/14/2026

By:   Truong Van Hung

Petitioner Pro Se

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I Pro Se **Truong Van Hung** the Petitioner, Submitting this verification on my behalf. I hereby verify that the factual statements made in the foregoing First Amended Petitioner for the Motion of Preliminary Injunction and Temporary Restraining order are true and correct to the best of my knowledge.

Dated this 02/14/2026

Respectfully submitted,

Pro Se    Petitioner
**Truong Van Hung**
**A# 71-017-749**
Date: 02/14/2026

**Truong Van Hung**
(Name of alien(s) in proceedings)

**A# 71-017-749**
(A-Number of alien(s) in proceedings)

CERTIFICATE OF SERVICE

On    02/14/2026            I                    Truong Van Hung
      (date)                        (printed name of person signing below)

served a copy of this                    MOTION FOR A PRELIMINARY
                                      INJUNCTION & TEMPORARY RESTRAINING
                                            ORDER
                                        (type of document)

                                    **UNITED STATES DISTRICT COURT**
and any attached pages to            **CENTRAL DISTRICT OF CALIFORNIA**
                                        (name of the party served)

at the following address:            **255 East Temple Street, Suite. TS-134**
                                    **Los Angeles, California. 90012**
                                        (address of party served)

by:_____US First Class Mail_____
(method of service-for example, overnight courier, hand delivery, first class mail, ICE
OPLA e Service

_____            ____02/14/2026_____
(signature)                                        (date)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**255 East Temple Street, Suite. TS-134**
**Los Angeles, California. 90012**

 __**Truong Van Hung**__
(Name of alien(s) in proceedings)


 __A# **71-017-749**__
(A-Number of alien(s) in proceedings)



CERTIFICATE OF SERVICE

On     02/14/2026     I,          __Truong Van Hung__
       (date)                (printed name of person signing below)




served a copy of this          MOTION FOR A PRELIMINARY
                       INJUNCTION & TEMPORARY RESTRAINING
                            __ORDER__
                            (type of document)




and any attached pages to     Thomas P. Giles, Director of Los Angeles
                       __Field Office__
                            (name of the party served)




at the following address:      300 N. Los Angeles st
                       __Los Angeles, CA 90012-3145__
                            (address of party served)



by:_____
(method of service-for example, overnight courier, hand delivery, first class mail, ICE
OPLA e Service


_____          __02/14/2026__
(signature)                        (date)

Thomas P. Giles, Director of Los Angeles
Field Office
300 N. Los Angeles st
Los Angeles, CA 90012-3145

**Truong Van Hung**
(Name of alien(s) in proceedings)

A# **71-017-749**
(A-Number of alien(s) in proceedings)

CERTIFICATE OF SERVICE

On, 02/14/2026    I,                Truong Van Hung
   (date)                 (printed name of person signing below)

served a copy of this          MOTION FOR A PRELIMINARY
                   INJUNCTION & TEMPORARY RESTRAINING
                         ORDER
                      (type of document)

and any attached pages to      U.S. Department Homeland Security
                   (name of the party served)

at the following address:      801 I Street N.W. Ste#900
                   Washington DC, 20536
                      (address of party served)

by:_____
(method of service-for example, overnight courier, hand delivery, first class mail, ICE OPLA e Service

_____          02/14/2026
(signature)                     (date)

U.S Department Homeland Security
801 I Street N.W. Ste#900
Washington DC, 20536

Truong Van Hung

Adelanto ICE Processing Center

10250 Rancho Road

Adelanto, CA. 92301

A# 71-017-749

DORM: 2B-105-Lu

FIRST-CLASS MAIL
IMI
$003.00
02/20/2026 ZIP 92301
043M312472

2241

New

Rush

To United States District Court

Central District Of California

ATTN Docket/Station

Clerk of the Court

255 East - Temple St. Suite TS-134

Los Angeles, CA. 90012

Case 5:26-cv-00851-SVW-AYP     Document 5     Filed 02/23/26     Page 11 of 11   Page ID #:39

